SO ORDERED.

SIGNED this 18 day of May, 2010.

_____
                Randy D. Doub
        United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILMINGTON DIVISION

IN RE:

GORDON HAGGOTT BECKHART JR.,          CHAPTER 11
STELLA MARIE BECKHART,                CASE NUMBER:  09-07452-8-RDD

     DEBTORS

GORDON HAGGOTT BECKHART JR.,
STELLA MARIE BECKHART,

     Plaintiff(s)                    ADVERSARY PROCEEDING
                                     NUMBER: 09-00262-8-RDD

     v.

THE LAW OFFICE OF JAMES J.
MACCALLUM, PLLC, f/k/a MacCallum &
Associates, PLLC, Trustee and THE PNC
FINANCIAL SERVICES GROUP, INC.,
successor in interest to NATIONAL CITY
BANK, Beneficiary under that Deed fo Trust
Recorded at Book 2670, Page 1173, Brunswick
County Register of Deeds, and that Deed of Trust
Recorded at Book 2670, Page 1217, Brunswick
County Register of Deeds,

     Defendant(s)

## ORDER GRANTING MOTION TO DISMISS

Pending before the Court is the Motion to Dismiss pursuant to F.R.C.P. 12(b)(6), as incorporated by Fed. R. Bankr. Pro. 7012, included as an affirmative defense in the Answer to the Second Amended Complaint filed by The Law Office of James J. MacCallum, PLLC, f/k/a MacCallum & Associates, PLLC, a/k/a MacCallum & Associates, PLLC, Trustee ("MacCallum"). The Court conducted a hearing on April 8, 2010 in Wilson, North Carolina.

Gordon Haggott Beckhart and Stella Marie Beckhart Jr. (the "Plaintiffs"), filed this adversary proceeding on November 23, 2009 seeking to avoid two deeds of trust. The Plaintiffs subsequently amended their complaint on November 24, 2009 and December 31, 2009. MacCallum, after having obtained an extension of time to respond to the December 31, 2009 amended complaint, filed a combined Answer and the instant Motion to Dismiss on January 22, 2010. Plaintiffs alleged their causes of actions jointly against MacCallum and the other defendants pursuant to Sections 544 and 550 of the Bankruptcy Code.

MacCallum is the named trustee in the two deeds of trust that the Plaintiffs seek to avoid which are attached as exhibits to the Second Amended Complaint. MacCallum asserts in his answer that he did not draft or revise the deeds of trust.

The Second Amended Complaint does not contain any independent causes of actions against MacCallum and there are no factual allegations of wrongdoing by or liability of MacCallum.

MacCallum asserts that in a title theory state like North Carolina, a trustee is not a necessary or indispensable party pursuant to Bankruptcy Rule 7019 and F.R.C.P. 19.

At the hearing, counsel for the Plaintiffs did not object to the Motion to Dismiss provided that it does not impact the underlying causes of action against the other defendants. Counsel stated that it is customary for trustees and substitute trustees to be named parties in lawsuits of this nature.

2

He supports MacCallum's position that a trustee is not a necessary party to such avoidance actions so long as the underlying action is not affected adversely and no cause of action is alleged against the deed of trust trustee.

F.R.C.P. 19(a)(1), made applicable by Fed. R. Bankr. Pro. 7019, provides, in pertinent part, that a party must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Although the Bankruptcy Court in the Eastern District of North Carolina has not addressed the joinder of the deed of trust trustee in an avoidance action, the Bankruptcy Court for the District of Maryland has considered the proper joinder of parties, including a deed of trust trustee, within the context of the joinder standards established by the Fourth Circuit in *Halpin v. Savannah River Electric Company.*  See *Williams v. Chevy Chase Bank*, 277 B.R. 78 (Bankr. Md. 2002)(citing *Halpin,* 41 F.2d 329 (4th Cir. 1930)).  The Bankruptcy Court stated that when considering the necessity of joinder, parties should be divided in three classes: (1) merely proper parties; (2) "necessary, or what have been called 'conditionally necessary,' parties; and (3)...indispensable parties." *Williams*, 277 B.R. at 82 (citing *Halpin*, 41 F.2d at 330).

The *Williams* Court recognized that Maryland is a title theory state where a creditor obtains a consensual lien from the borrower upon the execution of a deed of trust related to certain real property.[1] *Williams*, 277 B.R. at 82.  The Court went on to say that when a deed of trust is signed,

---

[1] Like Maryland, North Carolina is a title theory state. *Neil Realty Co., Inc. v. Medical Care, Inc.,* 110 N.C. App. 776, 778 (1993).

3

"the instrument grants and conveys the legal title to the property from the borrower (owner) to a trustee or trustees named in the instrument for the express purpose of securing an indebtedness usually embodied in a deed of trust note. The holder of the note is the creditor and the beneficiary of the trust created by the deed of trust." *Id.*   The trustee holds legal title for the benefit of the beneficiary - the creditor - and the trustee may not act without instruction by the holder of the note. *Id*. The Bankruptcy Court for the District of Maryland found that even though a trustee may be a proper party, the "trustee is not a necessary party, nor an indispensable party." *Id.* at 83.   The only interest of the trustee impacted by an order to avoid a lien is the existence of the deed of trust interest for the benefit of the creditor, the note holder.  *Id.*   The holder of the note is the sole beneficial holder of the deed of trust interest that is the necessary and indispensable party.  *Id.*

The Court finds the *Williams* decision persuasive.  The trustee listed on the deed of trust is not a necessary party in this avoidance action.  The facts presented here are similar to *Williams* in that the Plaintiffs are seeking to avoid a deed of trust, although on different grounds, and have named the note holder and the deed of trust trustee as defendants.  MacCallum[2] was the named trustee in the deed of trust but, based on the underlying documents, he does not have a beneficial interest in the real property beyond that of acting on behalf of the note holder.  Furthermore, the Plaintiffs have not alleged a cause of action against MacCallum.  Therefore, MacCallum is not a necessary party to this action.

---

[2] Out of an abundance of caution, the Plaintiffs brought suit against MacCallum solely in his capacity as a trustee pursuant to the deed of trust. The prayer for relief in the Complaint does not seek any relief specific to him.  The parties agree that MacCallum is not a necessary party for the court to determine the validity of the security interest established by the deed of trust.

Based on the facts in this case and the representations of counsel, the Motion to Dismiss of The Law Office of James J. MacCallum, PLLC, f/k/a MacCallum & Associates, PLLC, a/k/a MacCallum & Associates, PLLC, Trustee is **GRANTED**.

**SO ORDERED.**

**END OF DOCUMENT**